# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin S. Kanofsky,            :
                                        :
              Appellant         :
                                        :    No. 1467 C.D. 2017
           v.                  :    Submitted: February 23, 2018
                                          :
City of Bethlehem            :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                      **FILED:  April 9, 2018**

Alvin S. Kanofsky (Appellant) appeals, *pro se*, from an order of the Court of Common Pleas of Northampton County denying his appeal of a decision of the Codes Board of Appeals (Board) of the City of Bethlehem (City).  The Board's decision upheld a notice of violation issued to Appellant regarding a broken window on a commercial building that he owns at 30 East Third Street in the City (Property). Upon review, we affirm the order of the Court of Common Pleas.

On February 16, 2016, Craig Hines, the City's Chief Code Official, issued a notice of violation to Appellant stating that the front window of the Property was cracked and in danger of falling into the public right-of-way.  (Notice of Violation, Reproduced Record (R.R.) 51.)  The notice stated that this condition of the Property was in violation of Section 304.6 of the 2009 edition of the International Property Maintenance Code (IPMC), which was adopted and incorporated into the

City Ordinance through Article 1733 of the Ordinance. (Notice of Violation, R.R. 51; City Exhibit 8, Ordinance, Article 1733; City Exhibit 9, IPMC, Chapter 3.) The notice further stated that Appellant must repair the broken window immediately and failure to do so could result in fines of up to $1,000 per day. (Notice of Violation, R.R. 51.)

Appellant appealed the notice of violation to the Board, which held a hearing on March 24, 2016. At the hearing, Philip Roeder, a City Building Inspector, testified that as of February 16, 2016 the front left window of the building was cracked in the bottom left-hand corner; Roeder testified that even though the crack was taped, there was a danger that the glass could become dislodged at any time and fall onto a pedestrian right-of-way. (March 24, 2016 Hearing Transcript (H.T.) at 8-9, R.R. 66-67.) Roeder testified that the condition of the window violated Section 304.6 of the IPMC. (*Id*. at 11-12, R.R. 67; City Exhibit 9, IPMC § 304.6.) Appellant testified that after receiving the notice of violation and discussing the matter with Hines, the Chief Code Official, he taped the window as a temporary solution and obtained quotes for a price to fix the window. (H.T. at 14-15, R.R. 68.) Appellant agreed that the window needed to be replaced. (*Id*. at 15, 24, 30, R.R. 68, 70, 72.) However, Appellant stated that he believed that the City should be liable for the damage because the crack had resulted from the City's actions in piling up snow in the adjacent lot after a recent heavy snowstorm. (*Id*. at 15-16, R.R. 68.)

At the conclusion of the hearing, the Board voted to deny Appellant's appeal. (H.T. at 31-32, R.R. 72; Board Decision, R.R. 55.) Appellant appealed the Board's denial to the Court of Common Pleas, which heard the appeal based on the record before the Board. By a September 13, 2017 order, the Court of Common

2

Pleas upheld the Board's decision. (R.R. 25-27.) Appellant thereafter appealed to this Court.[1]

On appeal, Appellant presents two issues for our review.[2] First, Appellant argues that the notice of violation should not have been issued because the damage to the window resulted from the City's snow removal efforts during a January 2016 snowstorm when a City front loader collided with the Property. This argument misapprehends the purpose of this appeal, which relates solely to whether or not the notice of violation was properly issued and there was substantial evidence to support a finding that the Property was not in compliance with the City's property maintenance regulations. The notice of violation states that Appellant was in violation of Section 304.6 of the IPMC because the front left window of the Property was cracked and in danger of collapse. Section 304.6 provides that "[a]ll exterior walls shall be free from holes, breaks, and loose or rotting materials; and maintained weatherproof and properly surface coated where required to prevent deterioration." (City Exhibit 9, IPMC § 304.6.) At the Board hearing, Roeder, the City Building Inspector, testified that, as of the date of the notice, the window was cracked and presented a danger to the public, and the city presented a photograph of the damaged window. (City Exhibit 7, Photograph of Window.) Roeder opined that the Property was in violation of Section 304.6. Appellant did not dispute that he was the owner

---

[1] This Court's scope of review in a local agency appeal where a full and complete record was made before the agency is limited to determining whether constitutional rights were violated, the agency complied with the procedural provisions of the Local Agency Law, 2 Pa. C.S. §§ 551–555, an error of law was committed, and the findings by the local agency are supported by substantial evidence. 2 Pa. C.S. § 754(b); *Johnson v. Lansdale Borough*, 146 A.3d 696, 711 (Pa. 2016).

[2] Appellant lists 16 questions for our review in his appellate brief. The bulk of these issues, however, relate to previous, unrelated disputes and litigation between Appellant and the City concerning the Property and other issues that are beyond the record and irrelevant to the matter currently under review.

3

of the Property and admitted that the window was cracked and should be replaced. Accordingly, there was substantial evidence to support the Board's denial of Appellant's appeal of the notice of violation. If Appellant believes that the City is responsible for the damage, his remedy would be to file a separate civil action against the City. However, the issue of the ultimate liability for the damage to the Property may not serve as a defense to the notice of violation.

Appellant's second argument is that because the City has been appointed conservator of the Property pursuant to the Abandoned and Blighted Property Conservatorship Act[3] it should be responsible for the repairs. However, as this Court stated in our decision affirming the Court of Common Pleas' grant of the petition seeking its appointment as conservator, the City did not file its petition until October 28, 2016 and the City was not appointed conservator until January 13, 2017. *See City of Bethlehem v. Kanofsky*, 175 A.3d 467, 469, 474 (Pa. Cmwlth. 2017). The issue in this appeal is whether the Property was in compliance with Section 304.6 of the IPMC as of February 16, 2016, the date of the notice of violation. There is no question that Appellant was the owner of the Property and was responsible for its good condition as of February 16, 2016, and therefore the conservatorship proceedings that followed the notice of violation and the Board's decision denying the appeal of the notice are of no occasion to this appeal.

The order of the Court of Common Pleas is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

---

[3] Act of November 26, 2008, P.L. 1672, *as amended*, 68 P.S. §§ 1101–1111.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin S. Kanofsky, :
:
Appellant :
: No. 1467 C.D. 2017
v. :
:
City of Bethlehem :

# O R D E R

AND NOW, this 9th day of April, 2018, the order of the Court of Common Pleas of Northampton County is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge